HAYDEN W. MITCHELL, APPELLANT, v. MAHLON C. BRESSLER,
APPELLEE.

FILED FEBRUARY 12, 1915. No. 17,984.

Trial: DIRECTION OF VERDICT: EVIDENCE. Where at the close of plaintiff's case in the trial of a law action the evidence is clearly insufficient to sustain a judgment for the plaintiff, it is the duty of the trial court to direct a verdict for the defendant.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. Affirmed.

Charles H. Kelsey and J. W. Rice, for appellant.

O. A. Williams, contra.

FAWCETT, J.

Appeal by plaintiff from a judgment of the district court for Antelope county, entered upon a verdict directed for defendant.

The controversy in this case is over an oral agreement, which plaintiff claims was entered into in 1907, under which, it is alleged, defendant was to furnish the money to purchase a tract of land in Antelope county, for $3,300; that both parties should endeavor to dispose of the land for money or exchange for other property; that when such a deal should be closed there should be added to the amount received for the land the rents and profits thereof, and from this gross sum defendant should be reimbursed for all moneys expended by him in purchasing the property, paying taxes thereon, and caring for the same, and the remainder divided equally between the parties. Plaintiff claims to have fully performed his part of the contract; alleges that defendant refused to convey the land, but has elected to retain the same for his own use and benefit. Defendant denies the making of the contract, as alleged, and claims that at the time he purchased the land plaintiff represented that he had a man, who was the owner of a stock of goods worth $10,000, who would trade the stock

for the land, and that defendant stated that if he made the deal for the stock he would give plaintiff one-half of all he made on the deal over and above the money he had put in, with interest; that upon examining the stock he found that it was worth not to exceed $1,500, and he therefore refused to make the deal; that he then orally suggested to plaintiff that if plaintiff could find a good deal for the land, promptly and without delay, he would still hold the matter open and give·plaintiff one-half of the profits. The answer further pleads the four years' statute of limitations, and alleges that the oral agreement, under which plaintiff claims, is in conflict with section 6022, Ann. St. 1911, and that since purchasing the land he has placed valuable improvements thereon of the approximate value of $2,000; denies all other allegations in the petition. The reply is a general denial.

The errors relied upon for reversal are: That the court erred in sustaining defendant's motion for a directed verdict, for the reason that the verdict is not sustained by the evidence but is contrary thereto; that the court erred in sustaining objections to the offer of plaintiff to prove the market value of the land on February 2, 1910. It is said in the brief of counsel for plaintiff that the construction of the court seemed to be based upon two propositions, the second of which they state is: "That the appellant did not show that the appellee had ever refused to perform any of the terms, that the appellee therefore had never breached the contract." As this proposition is decisive of the case, it is the only one we deem it necessary to consider. Let the testimony of the plaintiff answer the proposition. He testified as follows: "Q. When did he first intimate to you that he was no longer willing to live up to the terms of this deal? A. I don't know as he ever intimated to me that he would not live up to the terms of this deal. Q. When did you first make demands of settlement? A. 1910. Q. What time in 1910? A. February 2, 1910. Q. How do you fix that time? A. Because Mr. Bressler and I were settling up another deal of the same nature, and after we had settled that up and he had paid me my profits I says,

'Now, Mal, what is the matter of fixing up this old deal that has been hanging fire for so long?' 'Now, Hade,' he says, 'I will tell you whenever we sell this land I will fix that satisfactory with you, and don't have any hard feelings about it.' Q. Did he intimate at that time that he intended to keep the land? A. Well, he said, 'When we sell the land I will fix it satisfactory with you.' Q. Well, did he ever tell you he would not sell the land under the terms of this deal?' A. No, sir." In addition to this, the testimony of plaintiff himself shows that, while he showed the land to a number of parties, he never produced but one person, Mr. L. B. Harris, who had property of sufficient value to justify the defendant in making an exchange with him. Harris had a stock of merchandise which, according to the evidence, seems to have been of sufficient value to have warranted an exchange, but this trade fell through, for the reason that Mr. Harris was unable, for some cause not disclosed, to close the deal. He testified: "The proposition was left open for a few days, I was to make some other arrangements, which I don't remember now, if I could do, then I could make the deal, otherwise I could not, I couldn't close it." There is no testimony in the record to show that plaintiff ever produced any one else who was ready, willing and able to purchase the land, as alleged in the petition. There was, therefore, no competent evidence in the record to show that defendant had ever refused to carry out the contract alleged by plaintiff, even had such contract been made as alleged. There being no evidence that plaintiff had, on or prior to February 2, 1910, refused to carry out the contract which plaintiff alleges, the court did not err in refusing to admit testimony as to the value of the property on that date.

An attempt was made to prove by a letter which counsel for plaintiff received from defendant, of date February 15, 1912, that defendant then refused to carry out the contract. The offer of this letter was refused. No error is assigned on account of such refusal, for the reason, doubtless, that the letter itself does not contain such refusal. The most that can be said for the letter is that defendant

at that time claimed that he had not made the agreement alleged by plaintiff, and that he did not think plaintiff had any just demand against him.  If the letter had been received in evidence, we think it would, in other respects, have been more damaging to plaintiff than to defendant.

The conclusion we have reached on the evidence renders a consideration of the authorities cited unnecessary.  It is sufficient to say that they are not applicable to the state of facts shown in this case.

AFFIRMED.

MORRISSEY, C. J., SEDGWICK and HAMER, JJ., not sitting.